*In re* R.S. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Raymond C.S., Respondent-Appellant).

Third District   No. 3—04—0140

Opinion filed July 11, 2005.

Elwin L. Neal, of Sterling, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (Lawrence M. Bauer and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McDADE delivered the opinion of the court:

The respondent, Raymond S., appeals from the orders finding him an unfit parent and terminating his parental rights to R.S., K.S., and P.S. The respondent argues that the circuit court erred when it found him unfit pursuant to section 1(D)(q) of the Adoption Act (750 ILCS 50/1(D)(q) (West 2002)) because that provision is violative of equal protection and due process. We reverse the judgment of the circuit court and remand the case for further proceedings.

## FACTS

On November 3, 2003, the State filed a petition to terminate the respondent's parental rights to R.S., K.S., and P.S., alleging that he (1) failed to maintain a reasonable degree of interest, concern, or responsibility as to the welfare of the minors; (2) failed to make reasonable efforts to correct the conditions that were the basis for the removal of the minors; (3) failed to make reasonable progress toward the return of the minors; and (4) had been convicted of aggravated battery of a child (720 ILCS 5/12—4.3 (West 2002)). On December 16, 2003, the State moved for summary judgment, alleging that the respondent's aggravated battery conviction renders him an unfit par-

ent as a matter of law pursuant to section 1(D)(q) of the Adoption Act (750 ILCS 50/1(D)(q) (West 2002)).

On January 7, 2004, the circuit court granted the State's motion for summary judgment and entered an order finding the respondent an unfit parent. After a hearing on January 13, 2004, the circuit court found that it was in the best interest of the minors that the respondent's parental rights be terminated. The respondent appealed.

## ANALYSIS

On appeal, the respondent argues that the circuit court violated his equal protection and due process rights when it found him unfit based on section 1(D)(q) of the Adoption Act (750 ILCS 50/1(D)(q) (West 2002)).

Section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2002)) sets forth numerous bases upon which the State can premise allegations of parental unfitness. Section 1(D)(i) of the Act (750 ILCS 50/1(D)(i) (West 2002)) provides that depravity can serve as a basis for unfitness under the following circumstances:

> "There is a rebuttable presumption that a parent is depraved if the parent has been criminally convicted of at least 3 felonies *** and at least one of these convictions took place within 5 years of the filing of the petition or motion seeking termination of parental rights.

> There is a rebuttable presumption that a parent is depraved if that parent has been criminally convicted of either first or second degree murder of any person as defined in the Criminal Code of 1961 within 10 years of the filing date of the petition or motion to terminate parental rights."

In contrast to section 1(D)(i)'s rebuttable presumption, section 1(D)(q) provides that a parent is presumptively unfit if "[t]he parent has been criminally convicted of aggravated battery, heinous battery, or attempted murder of any child." 750 ILCS 50/1(D)(q) (West 2002).

The respondent asserts that section 1(D)(q) violates equal protection because the legislature has allowed the opportunity to rebut in section 1(D)(i) cases, yet denied the opportunity to rebut in section 1(D)(q) cases. Because a constitutional challenge to a statute presents a question of law, we review this issue *de novo. In re D.W.*, 214 Ill. 2d 289 (2005).

In *D.W.*, the supreme court addressed the constitutionality of section 1(D)(q). Applying strict scrutiny to section 1(D)(q), the court held that "there is no rational basis for treating persons subject to fitness proceedings under section 1(D)(q) differently from those facing the same proceedings under section 1(D)(i)." (Emphasis omitted.) *D.W.*, 214 Ill. 2d at 317. Accordingly, the court held that section 1(D)(q)

is unconstitutional as violative of equal protection. *D.W.*, 214 Ill. 2d 289. The court also held that the proper remedy for this constitutional violation is to extend the opportunity to rebut to persons subject to section 1(D)(q) proceedings. *D.W.*, 214 Ill. 2d 289.

In this case, the circuit court granted the State's motion for summary judgment, thereby adjudicating the respondent unfit without affording him the opportunity to rebut the presumption of unfitness arising from his aggravated battery of a child conviction. We therefore hold that the respondent was denied equal protection of the law because he was not afforded the opportunity to rebut the presumption of his unfitness.

## CONCLUSION

We reverse the judgment of the circuit court of Whiteside County and remand the case for further proceedings.

Reversed and remanded.

SLATER, P.J., and LYTTON, J., concur.